**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHNATHAN JOHNSON,

                             Plaintiff,

    v.                                            No. 11-CV-386
                                                  (GLS/DRH)

BRIAN FISCHER, Commissioner; LUCIEN LeCLAIRE,
JR., Deputy Commissioner; TERESA KNAPP-DAVID,
Classification & Movement Director; and TRUDY
LYNN-CARON, Correction Counselor, Upstate
Correctional Facility,

                             Defendants.

---

**APPEARANCES:**                               **OF COUNSEL:**

JOHNATHAN JOHNSON
Plaintiff Pro Se
89-A-1042
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN          ADRIENNE J. KERWIN, ESQ.
Attorney General for the                  Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

   Plaintiff pro se Johnathan Johnson ("Johnson"), an inmate in the custody of the New York State Department of Correctional and Community Services ("DOCCS"), brings this action pursuant to 42 U.S.C. §§ 1983 alleging that the DOCCS Commissioner, Deputy

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Commissioner, and two DOCCS employees violated his constitutional rights under the Eighth Amendment. Compl. (Dkt. No. 1). Presently pending is defendants' motion to dismiss. Dkt. No. 10. Johnson opposes the motion. Dkt. No. 12. For the reasons which follow, it is recommended that defendants' motion be granted in part and denied in part.

## I. Background

### A. Facts

The facts are related herein in the light most favorable to Johnson as the non-moving party. See subsection II(A) infra.

Upon his arrival at Upstate Correctional Facility ("Upstate") in 2006, Johnson asserts that he informed defendants Fischer, LeClaire, and Knapp-David that he and his family had been threatened by enemy gang members, some of which were also housed at Upstate. Compl. ¶ 6(2). Johnson repeated these concerns to the above-named defendants throughout 2008. Id. Johnson also voiced his concerns to defendant Upstate counselor, Lynn-Caron, in 2008 and 2011, and was never transferred out of Upstate. Id. ¶ 6(5). On January 7, 2011, at 9:00 a.m., Johnson was "attack[ed] by a[n enemy] gang member . . . Jeremy." Id. ¶ 6(1); see also Dkt. No. 12, ¶ 2 (categorizing the January 7, 2011 incident as an assault).

As of April 4, 2011, Johnson still remained housed with these enemy gang members despite his requests to be transferred. Compl. ¶ 6(3). Johnson asserts that the specific danger he faces is the prison staff's refusal to place him in protective custody or another safe place given his reports of being targeted by enemy gang members. Dkt. No. 12, ¶ 10.

**B. Prior Lawsuits**

Prior to filing the present lawsuit, decisions in this district outlined Johnson's litigation history. Johnson v. Connolly, No. 07-CV-158 (LEK/GHL), 2008 WL 724167 (N.D.N.Y. Mar. 17, 2008) (Dkt. No. 10-2 at 13-26). As of 2008, Johnson had filed at least forty-six federal prisoner civil rights actions, which does not include filings for habeas corpus petitions, federal appeals, or state court actions and appeals. Id., 2008 WL 724167, at *2 & n.4. The Court unquestionably concluded that Johnson had at least three strikes. Id., 2008 WL 724167, at *7-*8. Johnson also indicates on his present complaint that he has had prior lawsuits impacted by the three-strikes provision discussed infra. Compl. ¶ 5(b)(i) &(v). Accordingly, the three strikes bar may be applicable.

## II. Discussion

Johnson contends that his Eighth Amendment rights were violated when defendants failed to protect him from enemy gang members during his incarceration. Defendants seek dismissal because (1) Johnson has failed to allege the personal involvement of defendants and (2) the three-strikes provision requires conditional dismissal until Johnson remits the filing fee for the present action.

**A. Legal Standard**

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, this "tenet . . . is

inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted).  Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950-51.

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' " (citations omitted)).

4

## B. Personal Involvement

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation,
>
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong,
>
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom,
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or
>
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).[2]

---

[2] Various courts in the Second Circuit have postulated how, if at all, the Iqbal decision affected the five Colon factors which were traditionally used to determine personal involvement. See McCarroll v. Fed. Bureau of Prisons, No. 08-CV-1343 (DNH/GHL), 2010 WL 4609379, at *4 (N.D.N.Y. Sept. 30, 2010) (noting that although the Second Circuit has not yet addressed Iqbal's impact on the five Colon factors, several district courts have done so); Kleehammer v. Monore County, 743 F. Supp. 2d 175 (W.D.N.Y. 2010) (holding that "[o]nly the first and part of the third Colon categories pass Iqbal's muster . . . ."); D'Olimpio v. Crisafi, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010) (disagreeing that Iqbal eliminated Colon's personal involvement standard).

**1. Defendants Fischer, LeClair, and Knapp-David**

Defendants contend that Johnson has failed to allege the personal involvement of defendants Commissioner Fischer, Deputy Commissioner LeClaire, and DOCCS staff member Knapp-David.  Johnson alleges that he notified these individuals that he was receiving threats from enemy gang members prior to the assault.  These named officials are not local authorities located at Upstate where Johnson was incarcerated, but rather were  high-ranking administrative officials.  The fact that these officials received notice, presumably through letters, and then ignored them, is insufficient to allege personal involvement.  See Johnson v. Wright, 234 F.Supp.2d 352, 363 (S.D.N.Y.2002) ("[I]f mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that § 1983 does not impose *respondeat superior* liability.") (citations omitted).  This is especially true where the defendants are not "local prison officials who plainly are . . . positioned to take steps to protect the prison inmate . . . ." Haywood v. Woods, No. 01-CV-225 (LEK/DEP), 2007 WL 1834641, at *10 (N.D.N.Y. June 25, 2007) (citations omitted) (Dkt. No. 10-2 at 1-12).  Even viewing the facts in the light most favorable to Johnson, he has failed plausibly to allege that defendants Fischer, LeClaire or Knapp-David were in any position to remedy these alleged Eighth Amendment violations.

Accordingly, defendants' motion should be granted on this ground and defendants Fischer, LeClaire and Knapp-David should be dismissed from this action.

**2. Defendant Lynn-Caron**

Defendant Lynn-Caron was a corrections counselor located at Upstate.  Johnson

6

contends that he directly informed her of the threats prior to the assault, and she did nothing to assist him. While defendants contend that Lynn-Caron could not effect any change in Johnson's housing or location, there is nothing in the complaint to support this contention and it requires proof beyond the four corners of the complaint. Therefore, construing the facts in the light most favorable to Johnson and his contentions that informing her should have prevented his assault, Johnson has alleged plausible facts that she was aware of the danger and failed to take any steps to assist him in remaining safe.

Moreover, the same reasons which compel the dismissal of the above noted defendants also compels the conclusion that Lynn-Carol was personally involved. As a local prison official, Lynn-Caron's alleged knowledge of the threat to Johnson combined with her alleged presence at Upstate and ability to take steps to protect Johnson from the harm suffice to state a claim against Lynn-Caron. Haywood, 2007 WL 1834641, at *10.

Accordingly, defendants' motion should be denied on this ground as to Lynn-Caron.

### C. 28 U.S.C. § 1915(g)

Defendants seek dismissal of the complaint under 28 U.S.C. § 1915(g), which bars prisoners from proceeding in forma pauperis ("IFP") after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim. See 28 U.S.C. § 1915(g) (2006).[3] Frivolous claims "lack[] an arguable basis either in law or in fact." Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (quoting Neitzke v. Williams, 490 U.S. 319, 325

---

[3] The three-strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1995), which had as its principal purpose deterring frivolous prisoner litigation. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

7

(1989)). Malicious claims are filed with the intent to hurt or harm another. Id. (citations omitted). The failure to state a claim applies a parallel definition from Fed. R. Civ. P. 12(b)(6), but "it does not follow that a complaint which falls afoul of the [12(b)(6) motion to dismiss] standard will invariably fall afoul of the [§ 1915(g) standard]." Neitzke, 490 U.S. at 326; see also Tafari, 473 F.3d at 442 (citations omitted).

This "three-strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (applying imminent danger exception "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.') In determining whether the imminent danger provision applies, the court must evaluate whether the claimed danger was still in existence when a complaint was filed and whether such danger was sufficiently serious in light of the liberal standards accorded to pro se plaintiffs to require protection. Chavis v. Chappius, 618 F.3d 162, 169-70 (2d Cir. 2010) (citations omitted). Thus, vague, conclusory, non-specific or implausible allegations of imminent danger are insufficient to circumvent the three-strikes bar. Id. at170 (citations omitted). Additionally, dismissal is not precluded by the fact that Johnson has already been granted IFP status in this action. Dkt No. 4. When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g). See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

As previously determined in this district, the three-strikes rule applies to Johnson's filings. However, Johnson alleges that the imminent danger exception applies to this case

8

based on the fact that he advised defendants that he was the target of enemy gang members, they did nothing to protect him, and he was assaulted. The Second Circuit has held that "[a]n allegation of a recent brutal beating, combined with three separate threatening incidents, . . . is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception." Chavis, 618 F.3d at 170-71 (citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (finding the imminent danger exception where an inmate was continually surrounded by other "listed enem[y]" inmates who was the victim of two attacks and who filed his complaint shortly after the last attack occurred)). Therefore, liberally viewing Johnson's complaint and construing the facts in the light most favorable to him, it appears that he has sufficiently alleged the imminent danger exception. Specifically, Johnson contends that he continually warned defendants about threats that both he and his family members were consistently receiving from enemy gang members, he was housed with such enemy gang members at Upstate, he continues to remain housed with enemy gang members and without protective custody in Upstate, he was attacked in January, and he filed the instant complaint shortly thereafter.

Accordingly, defendants' alternative motion to dismiss conditionally based upon the three-strikes rule should be denied.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 10) be:

1. **GRANTED** as to defendants Fischer, LeClaire, and Knapp-David and that the complaint be **DISMISSED** against these defendants as to all claims; and

2. **DENIED** as to defendant Lynn-Caron.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: November 28, 2011
       Albany, New York

*David R. Homer*
United States Magistrate Judge