UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNATHAN JOHNSON,

                Plaintiff,                9:11-cv-386
                                                       (GLS/DRH)

        v.

BRIAN FISCHER, LUCIEN
LeCLAIRE, JR., TERESA KNAPP-
DAVID and TRUDY LYNN-CARON,

                Defendants.
_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Johnathan Johnson
Pro Se
89-A-1042
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN      ADRIENNE J. KERWIN
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Johnathan Johnson commenced this action against Brian Fischer, Commissioner of the New York Department of Corrections and Community Supervision ("DOCCS"), Lucien LeClair, Deputy DOCCS Commissioner, Teresa Knapp-David, DOCCS Classification and Movement staff member, and Trudy Lynn-Caron, an Upstate Correctional Facility ("Upstate") counselor, alleging deliberate indifference to his safety and cruel and unusual punishment in violation of his Eighth Amendment rights. (Compl., Dkt. No. 1.)  Defendants moved to dismiss Johnson's claims for lack of personal involvement or, in the alternative, for violation of the "three strike" provision of 28 U.S.C. § 1915(g).  (Dkt. No. 10, Attach. 1.)  In a Report-Recommendation (R&R) dated November 28, 2011, Magistrate Judge David R. Homer recommended that defendants' motion to dismiss be granted as to Fischer, LeClaire and Knapp-David and denied as to Lynn-Caron.  (Dkt. No. 15 at 10.)  Pending are Johnson's objections to that R&R.  (Dkt. No. 16.)  For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.

2

If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.*

### III. Discussion

Johnson objects only to Judge Homer's recommendation that the claims against Fischer, LeClaire and Knapp-David be dismissed. (Dkt. No. 16.) Judge Homer's conclusion that Johnson satisfied the "imminent danger" exception to 28 U.S.C. § 1915(g)'s "three strikes" provision and his recommendation that Johnson's claims against Lynn-Caron survive are, therefore, reviewed for clear error. *Almonte,* 2006 WL 149049 at *6-7.

In his objections, Johnson largely reiterates the same factual and legal assertions contained in his initial claim. (Dkt. No. 16.) Treating these factual rehashings as specific objections, the court reviews them *de novo*. The crux of Johnson's objections is that inaction on behalf of Fischer, LeClaire and Knapp-David constituted personal involvement in the alleged

3

violation of his constitutional rights.  (Dkt. No. 16.)

Damages in a section 1983 claim are only appropriate if the defendant was personally involved in the alleged constitutional violation. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (citations omitted). Ordinarily, the plaintiff must demonstrate that there is a "tangible connection between the alleged unlawful conduct and the defendant." *Balkum v. Sawyer*, No. 6:06-cv-1467, 2011 WL 5041206, at *4 (N.D.N.Y. Oct. 21, 2011) (citing *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)). Where, as here, defendants are supervisory officials, a link, under the doctrine of respondeat superior, is inadequate to establish the requisite personal involvement.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).  Thus, to prevail against a supervisory defendant, the plaintiff must show that the supervisor:

> (1) directly participated in the violation, (2) failed to remedy the violation after being informed of it by report or appeal, (3) created a policy or custom under which the violation occurred, (4) was grossly negligent in supervising subordinates who committed the violation, or (5) was deliberately indifferent to the rights of others by failing to act on information that constitutional rights were being violated.

*Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995), *rev'd on other grounds*, *Ashcroft*

4

*v. Iqbal*, 556 U.S. 662 (2009)).[1]

Johnson alleges that he notified Fischer, LeClaire and Knapp-David that he and his family had been threatened by enemy gang members incarcerated at Upstate, but that no action was taken. (Compl., Dkt. No. 1 at 6.) This failure to act, Johnson contends, constituted deliberate indifference. (Dkt. No. 16 at 4.) Mere notification of a present or pending constitutional violation, however, is insufficient to establish personal involvement on behalf of a supervisory official. *Rivera v. Goord*, 119 F. Supp. 2d 327, 344 (S.D.N.Y. 2000); *see also Excel v. Woods*, No. 9:07-CV-0305, 2009 WL 3124424, at *21 (N.D.N.Y. Sept. 29, 2009); *Walker v. Pataro*, No. 99CIV.4607, 2002 WL 664040, at *12 (S.D.N.Y. Apr. 23, 2002) (holding that "where a supervisory official like the Commissioner of Corrections . . . receives letters or similar complaints from an inmate and does not personally respond, the supervisor is not personally involved and

---

[1] The Second Circuit has yet to address the impact of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937,1948 (2009) upon the categories of supervisory liability under *Colon*. Lower courts have struggled with this issue, and specifically whether *Iqbal* effectively calls into question certain prongs of the *Colon* five-part test for supervisory liability. *See Sash v. United States*, 674 F. Supp. 2d 531,543 (S.D.N.Y. 2009). While some courts have taken the position that only the first and third of the five *Colon* categories remain viable and can support a finding of supervisory liability, *see, e.g., Bellamy v. Mount Vernon Hosp.*, No.07 CIV. 1801, 2009 WL1835939, at *6 (S.D.N.Y. June 26, 2009), *aff'd*, 387 F. App'x 55 (2d Cir. 2010), others disagree and conclude that whether any of the five categories apply in any particular case depends upon the particular violations alleged and the supervisor's participatory role, *see, e.g., D'Olimpio v. Crisafi*, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010). Nevertheless, the court, until instructed to the contrary, continues to apply the five factor *Colon* test.

hence not liable."). While this rule may not hold true where the defendant is a local prison official, that is not the case here as neither Fischer, LeClaire nor Knapp-David are employed at Upstate. *Haywood v. Woods*, No. 9:01-CV-00225, 2007 WL 1834641, at *10 (N.D.N.Y. June 25, 2007) (noting that the general supervisor notification standard does "not translate well . . . where the letters alerting prison officials of an inmate's plight are directed to local prison officials who plainly are . . . positioned to take steps to protect the prison inmate."); (Dkt. No. 10, Attach. 1 at 4.) Even affording Johnson the special solicitude to which he is entitled, his claims against Fischer, LeClaire and Knapp-David fail to allege personal involvement, and therefore must be dismissed. Accordingly, Judge Homer's recommendation that defendants' motion to dismiss be granted as to Fischer, LeClaire and Knapp-Davis is adopted.

The remainder of Judge Homer's R&R is devoid of clear error, and as such, is adopted in its entirety.

### IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Homer's November 28, 2011 Report-Recommendation (Dkt. No. 15) is **ADOPTED** in its entirety; and it is

6

further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 10) is **DENIED** in part as to Trudy Lynn-Caron; and it is further

**ORDERED** that defendant's motion to dismiss (Dkt. No. 10) is **GRANTED** in part as to Brian Fischer, Lucien LeClair, and Teresa Knapp-David and that all claims against them are **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

December 22, 2011
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court

7