UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHNATHAN JOHNSON,

                              Plaintiff,

                                                                9:11-CV-0386
      v.                                                      (GLS/CFH)

TRUDY LYNN-CARON,

                              Defendant.

APPEARANCES:                              OF COUNSEL:

JOHNATHAN JOHNSON
89-A-1042
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN           ADRIENNE J. KERWIN, ESQ.
New York State Attorney General             Ass't Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

       Plaintiff pro se Johnathan Johnson commenced this action against Brian Fischer,

Commissioner of the New York Department of Corrections and Community Supervision

("DOCCS"); Lucien LeClair, Deputy DOCCS Commissioner; Teresa Knapp-David, DOCCS

Classification and Movement staff member; and Trudy Lynn-Caron, an Upstate Correctional

Facility ("Upstate") counselor, alleging deliberate indifference to his safety and cruel and

unusual punishment in violation of his Eighth Amendment rights. Dkt. No. 1 ("Compl.") Defendants moved to dismiss plaintiff's claims for lack of personal involvement or, in the alternative, for violation of the "three strike" provision of 28 U.S.C. § 1915(g). Dkt. No. 10. By Report-Recommendation and Order ("R & R") filed November 28, 2011, Magistrate Judge David R. Homer recommended that (1) defendants' motion to dismiss for lack of personal involvement be granted as to Fischer, LeClaire and Knapp-David and denied as to Lynn-Caron and (2) defendants' motion to conditionally dismiss the action pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) be denied. Dkt. No. 15 at 9-10. By Decision and Order filed December 22, 2011, this Court adopted Magistrate Judge Homer's November R & R in its entirety and defendants Fischer, LeClaire, and Knapp-David were dismissed. *Id.* Thus, the remaining portion of plaintiff's complaint alleged that in 2008 and 2011, he informed defendant Lynn-Caron that he had enemies (gang members) at Upstate, but she refused to transfer him out of Upstate. Compl. at 6. Plaintiff alleged that on January 7, 2011, while he was incarcerated at Upstate, he was attacked "by a gang member [blood] enemy." *Id.* Plaintiff alleged that as of the date that he filed this action, he was "under Imminent danger of serious physical injury by these gang members enemies." *Id.* Construed liberally, plaintiff claimed that defendant Lynn-Caron was deliberately indifferent to his safety and subjected him to cruel and unusual punishment in violation of his rights under the Eighth Amendment to the United States Constitution. *Id.* at 7.

Plaintiff sought injunctive relief from the Court in the form of a transfer out of Upstate. Dkt. No. 23. Plaintiff claimed that he would be in danger of future attacks from gang members at Upstate if he remained at that facility. *Id.* By Decision and Order filed May 16, 2012, the Court denied plaintiff's motion for injunctive relief. Dkt. No. 43 (the "May Order").

The May Order found that plaintiff had failed to demonstrate a likelihood of success on the merits of his claims. *Id.* Presently before the Court are plaintiff's motions for leave to supplement his complaint (Dkt. No. 37) and for reconsideration (Dkt. No. 49) of the May Order. Defendant opposes plaintiff's motions. Dkt. Nos. 40, 54.[1]

## II. DISCUSSION

### A. Motion to Supplement the Complaint

Rule 15(d) of the Federal Rules of Civil Procedure allows a party to supplement a pleading with matters that occurred after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). A party may supplement to include subsequent occurrences "absent prejudice to the nonmoving party." *Albrecht v. Long Island R.R*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991). "It is also proper to permit the filing of a supplemental pleading to add additional parties." *Tobin v. Rell*, No. 3:05CV1079, 2007 WL 1520111, at *2 (D.Conn. May 18, 2007) (citing *Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 227 (1964)).

The standard for a motion to supplement is the same as for a motion to amend the pleadings under Fed. R. Civ. P. 15(a). *Klos v. Haskell*, 835 F. Supp. 710, 715 (W.D.N.Y. 1993) (Fisher, M.J.), *adopted by* 835 F. Supp. at 713 (W.D.N.Y. 1993) (Telesca, D.J.). Generally, the court has discretion whether or not to grant leave to amend a pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, in exercising this discretion, the court must act pursuant to Fed. R. Civ. P. 15(a), granting leave to amend "freely ... when justice so requires." Fed. R. Civ. P. 15(a); *Foman*, 371 U.S. at 182.

In deciding whether to exercise its discretion, the court must examine whether there

---

[1] Defendant's response to the motion to supplement originally included a cross-motion to revoke plaintiff's in forma pauperis status. Dkt. No. 40. Defendant has withdrawn that cross-motion. Dkt. No. 44.

has been undue delay, bad faith, or dilatory motive on the part of the moving party. *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46 (2d Cir. 1983) (citing *Foman*, 371 U.S. at 182). A motion to amend "will also be denied if the amendment would cause undue prejudice to the opposing party, by requiring additional discovery or unnecessarily complicating the litigation." *Kovian v. Fulton Cnty. Nat'l Bank*, No. 5:86-CV-0154 (HGM), 1992 WL 106814, at *2 (N.D.N.Y. May 13, 1992).  Finally, where it appears that granting leave to amend is unlikely to be productive or the amendment is futile, it is not an abuse of discretion to deny leave to amend.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted). "[T]he court will not grant leave to amend when the amended pleading cannot survive a motion to dismiss."  *Kovian*, 1992 WL 106814, at *1 (citing *Freeman v. Marine Midland Bank*, 494 F.2d 1334, 1338 (2d Cir. 1973); *Nardella v. Braff*, 621 F. Supp. 1170, 1172-73 (S.D.N.Y. 1985)).  Moreover, in the case of proposed amendments where new defendants are to be added, the Court must also look to Rule 21 of the Federal Rules of Civil Procedure which states that a party may be added to an action "at any time, on just terms."  Addition of parties under Rule 21 is also guided by the same liberal standard as a motion to amend under Rule 15.  *Fair Housing Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972).

Plaintiff requests permission to file a "supplemental complaint" pursuant to Rule 15(d), claiming that the "events" he wishes to add to this action "have occurred since the original complaint" was filed. Dkt. No. 37-1 at 2.  In his proposed supplemental pleading, plaintiff seeks to add three new defendants to this action and to assert allegations of wrongdoing against them.  Plaintiff alleges that on January 7, 2011, defendant Bouchey witnessed plaintiff's alleged assault by an inmate "gang-member" at Upstate, and then issued plaintiff a false misbehavior report charging plaintiff with attacking the other inmate without provocation.

4

Dkt. No. 37-2 at 2. Plaintiff alleges that defendant Bullis presided over plaintiff's disciplinary hearing arising out of defendant Bouchey's misbehavior report, and that defendant Bullis "conspired with" defendant Bouchey, finding that plaintiff attacked the other inmate, even though the videotape evidence available to defendant Bullis showed that plaintiff was the one attacked. *Id.* at 3. Finally, plaintiff alleges that defendant Zerniak presided over the "other inmate['s]" disciplinary hearing, viewed the videotape of the "attack on plaintiff and took no corrective actions." *Id.* Defendant opposes the motion asserting that plaintiff has failed to state a claim against any of the proposed new defendants. Dkt. No. 40-3.

Plaintiff casts his motion as one seeking leave to file a supplemental complaint. Dkt. No. 32. However, it is not clear that this is a true supplemental pleading since at least some of the events took place before plaintiff filed his original complaint, and therefore some of these claims could have been included in that original pleading.[2] For example, plaintiff alleges that defendant Bouchey witnessed the January 7, 2011; the January 7, 2011 incident is included in the original complaint. *See* Compl. at 6. As to his allegations against defendants Bullis and Zerniak, plaintiff does not assign a date to the alleged wrongdoing by them, so it is not clear whether the claims are amended claims, or supplemental. Nonetheless, whether plaintiff's motion is treated under Rule 15(a) or Rule 15(d), since the standards of review are the same, how the motion is cast makes little difference. For the reasons discussed below, plaintiff's motion is denied as futile.

---

[2] Indeed, plaintiff's proposed pleading does not comply with this District's Local Rules of Practice regarding seeking leave to supplement a complaint. Local Rule 7.1(a)(4) states: "Where a party seeks leave to supplement a pleading pursuant to Fed. R. Civ. P. 15(d), the party must limit the proposed supplemental pleading to transactions or occurrences or events which have occurred since the date of the pleading that the party seeks to supplement. The party must number the paragraphs in the proposed pleading consecutively to the paragraphs contained in the pleading that it seeks to supplement." N.D.N.Y.L.R. 7.1(a)(4). If plaintiff intended the proposed pleading to be a stand-alone amended complaint, the Court's acceptance of the pleading would require the dismissal of Lynn-Caron as a defendant, who is not included therein. *See* Dkt. No. 37-2.

5

### 1. Claim that Defendant Bouchey Issued a False Misbehavior Report

Standing alone, the mere allegation that defendant Bouchey filed a false misbehavior report against plaintiff does not implicate constitutional conduct. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986)); *Santana v. Olson*, No. 07-CV-0098, 2007 WL 2712992, at *2 (W.D.N.Y. Sept. 13, 2007) ("[T]he filing of a false behavior report by a correctional officer does not state a claim for relief."). Moreover, "[t]he filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing." *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986) (rejecting prisoner's "but for" argument as to guard who prepared misbehavior report but was not involved in Tier III hearing) (citation omitted). Accordingly, plaintiff fails to state a claim against defendant Bouchey with respect to the allegedly false misbehavior report issued by him.

### 2. Claim that Defendants Bouchey and Bullis Conspired

A conspiracy claim under 42 U.S.C. 1983 must allege that: (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury on plaintiff and (2) an overt act was committed in furtherance of that goal. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *Ciambriello*, 292 F.3d at 325; *see also Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Brown v. City of Oneonta,* 106 F.3d 1125, 1133 (2d Cir. 1997) (complaints containing only conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief).

"[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be 'enough to raise a right to relief above the speculative level.'" *Flores v. Levy*, No. 07-CV-3753, 2008 WL 4394681, at *9 (E.D.N.Y. Sept. 23, 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007)).

Plaintiff does not assert any facts giving rise to a conspiracy, but instead makes only a vague statement that defendant Bullis "conspired" with defendant Bouchey. Plaintiff has not alleged that any meeting of the minds occurred between the defendants and the proposed amended complaint contains no allegations whatsoever to support a "plausible" conspiracy claim involving these defendants.

Plaintiff also attempts to allege a conspiracy claim pursuant to 28 U.S.C. §§ 1985(3) and 1986. Dkt. No. 37-2 at 5. To assert a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy, (2) which has an intent or purpose to deprive a person of equal protection of the law; (3) an act in furtherance of the conspiracy; (4) which results in an injury to a person, or a person's property, or the deprivation of a federal constitutional right." *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. June 23, 2009) (citing *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam). In addition, the conspiracy must be motivated by some class-based animus. *See Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971). Plaintiff fails to allege a claim pursuant to 28 U.S.C. § 1985(3).

"A cause of action under § 1986 may be brought against anyone who had power to prevent or aid in a wrong actionable under Section 1985 and neglected to do so." *Amadasu v. Ngati* , No. 05CV2585, 2006 WL 842456, at *7 (E.D.N.Y. Mar. 27, 2006) (citing *Mian*, 7 F.3d at 1088). A "plaintiff's failure to state a claim under Section 1985 is fatal to his Section 1986 claim." *Id.* Thus, plaintiff also fails to state a claim under § 1986.

7

### 3. Claim Against Defendant Zerniak

Plaintiff alleges that defendant Zerniak presided over the disciplinary hearing of the other inmate involved in the January 7, 2011, incident with plaintiff. Dkt. No. 37-2 at 3. Plaintiff further alleges that, although Zerniak saw the videotape of the incident, he "took no corrective actions." *Id.* Plaintiff's allegations do not plausibly suggest that defendant Zerniak was personally involved in any violation of plaintiff's rights, let alone a constitutional violation. The proposed pleading fails to state any sort of claim against defendant Zerniak.

For all of the foregoing reasons, plaintiff's motion to supplement or amend his complaint is denied as futile.

### B. Motion for Reconsideration

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.Y.N.D. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

In support of his motion for reconsideration of the May Order, plaintiff asks the Court to

review a copy of a video recording ("the DVD") of the January 7, 2011 incident, wherein plaintiff was allegedly attacked by an unidentified "enemy gang member" at Upstate.  Dkt. No. 49.  Plaintiff claims that the DVD is "new evidence not previously available" which will establish that plaintiff will be in danger of imminent harm if he remains at Upstate.  *Id.* at 2. In opposition to the motion, defendant asserts that the DVD (1) does not establish that plaintiff is in danger of future attacks by 'gang members'; (2) only partially depicts the fight between the plaintiff and the other inmate; and (3) does not "satisfy the weighty burden on the plaintiff to establish any entitlement to any injunctive relief."  Dkt. No. 54-1 at 5.

      Plaintiff's motion falls short of the standard required for reconsideration.  Plaintiff does not suggest that there has been an intervening change in the controlling law.  Despite his statement to the contrary, plaintiff also has not presented "new evidence" which was "not previously available."

> "When newly discovered evidence is the basis for reconsideration, the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered." *LaSalle Bank Nat'l Assoc. v. Capco Am. Securitization Corp.,* No. 02 CV 9916, 2006 WL 177169, at *2 (S.D.N . Y. Jan. 25, 2006) (internal quotations marks, citation, and emphasis deleted); *cf. Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.,* No. 88 Civ. 9127, 1992 WL 296314, at *3 (S.D.N.Y. Oct. 6, 1992) ("The Court will not set aside a judgment because a frustrated litigant failed to present on a motion for summary judgment all facts known by or reasonably available to him.").

*U.S. v. Morrison*, No. 04-CR-699, 2007 WL 4326796, at *2 (E.D.N.Y. Dec. 7, 2007).  Here, the DVD was in existence, and thus available to plaintiff, when his underlying motion for preliminary injunctive relief was pending before the Court, and therefore it does not constitute new evidence which might warrant reconsideration.

      In light of plaintiff's pro se status, however, the Court has viewed the DVD to determine

9

if reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice. Upon review of the DVD, and all of the papers submitted in support of and in opposition to plaintiff's motion for reconsideration of the May Order, the Court concludes that its previous decision was legally correct and did not work a manifest injustice on plaintiff.

Plaintiff presents no basis for reconsideration of the May Order, therefore plaintiff's motion for reconsideration (Dkt. No. 49) is denied.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion(Dkt. No. 37) to supplement or amend his complaint is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 49) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

DATED: September 7, 2012
         Albany, NY

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court